**STEWART LEE KARLIN LAW GROUP, P.C.**
Daniel Edward Dugan, Esq.
111 John Street, 22nd Floor
New York, NY 10022
T: (212) 792-9670
Dan@stewartkarlin.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIBEL QUITO | : |
| Plaintiff, | : |
| v. | : **Civil Action No.** |
| JERSEY COLLEGE, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff MARIBEL QUITO, by and through her attorney, hereby alleges:

### Nature of the Claim

1. This is a civil action based upon the Defendant's violations of the American Disabilities Act, 42 USC § 12182, Section 504 of the Rehabilitation Act of 1973, the New Jersey Law Against Discrimination by discriminating against Plaintiff due to her disability, perceived disability, and her marital status as a single mother.

### Jurisdiction and Venue

2. This Court has jurisdiction over Defendant JERSEY COLLEGE pursuant to 42 USC § 12117.

3. This action properly lies in the District Court of New Jersey, as Defendant's principal place of business is the State of New Jersey, Bergen County, and the allegations set forth below

1

occurred in the same.

## Parties

4. At all times hereinafter mentioned, Plaintiff MARIBEL QUITO ("Plaintiff" or "Quito") was and still is a resident of the State of New Jersey. Plaintiff was a student and applicant of Defendant Jersey College.

5. Plaintiff has a disability and perceived disability (Plantar Fasciotomy Surgery), that impacts major life activities and she participated in protected activity pursuant to the ADA. Plaintiff had a physical and mental impairment that substantially limits one or more major life activities, had a record of such an impairment, and was regarded as having such an impairment.

6. Defendant Jersey College is a private college duly organized and existing by virtue of the laws of the State of New Jersey. Plaintiff attended Jersey College at its Teterboro Campus, located at 546 US-46 Teterboro, NJ 07608.

## Statement of Facts

7. Plaintiff enrolled as a student in Jersey College's LPN Program (hereinafter referred to as the "Program"), commencing her studies in August 2019.

8. Plaintiff successfully completed the first three terms of the Program from August 2019 through October 27, 2020.

9. At the start of her fourth semester in the Program, Plaintiff became involved in a custody battle over her five-year-old daughter, which took a physical, mental, and emotional toll on her.

10. As a result, Plaintiff sought the counsel of Program Director Tracy Provost, and they agreed that a leave of absence would be appropriate, beginning October 27, 2020. The leave of

absence would allow Plaintiff to focus on her daughter at the time and then return to the Program when the custody issue had been resolved.

11. While on her leave of absence, Plaintiff also developed medical issues that prevented her from returning to the Program sooner. She underwent emergency surgery on her foot, plantar fasciotomy, on November 6, 2020, and suffered complications, including abnormal growths of keloid and scar tissue, causing her to be confined to a wheelchair for the first few months after surgery. These complications required treatment of several steroid shots, laser, ultrasound therapy, and specialized massage. As a result of these complications, additional recovery time and physical therapy were also necessary.

12. Plaintiff was cleared to return to activities that require long-term walking or standing, including school, on February 15, 2022.

13. Having resolved her family and medical issues, Plaintiff promptly submitted her request for readmission, on the appropriate form provided by Defendant, on February 17, 2022. She included a faculty recommendation for readmission from Mr. Joseph Dario in support. Mr. Dario highlighted Plaintiff's exceptional academic achievements, dedication, commitment, and positive interactions with faculty and peers. Plaintiff also provided the relevant medical documentation was submitted with her request for readmission.

14. There is no basis for Defendant to deny Plaintiff immediate readmission to the Program. She was a stellar academic performer in good standing when she took an approved leave of absence. During her leave of absence, Plaintiff suffered from a disability and was engaged in a custody battle over her daughter. Plaintiff's academic and disciplinary history was unblemished.

15. As Defendant failed to respond to Plaintiff's readmission request, another letter requesting

readmission was sent to Defendant on or about May 3, 2022 by Plaintiff's counsel.

16. Thereafter, on June 13, 2022, Plaintiff spoke to Ms. Daisy Molina, Campus Director of Jersey College. Ms. Molina informed her that there was a place for her in the coursework, however Defendant's did not have a place for her in the clinical portion of the Program. She indicated that Defendant was attempting to hire an additional faculty member to teach clinicals. Ms. Molina directed to Plaintiff to contact her on July 18, 2022.

17. In the June 13, 2022, conversation, Ms. Molina also baselessly informed Plaintiff, for the first time, that should readmission be granted, she would have to re-take Defendant's admission exam and begin the Program as a new student. Plaintiff would be forced to re-take three semesters of courses at her own expense.

18. Thereafter, Plaintiff had a telephone conversation with Ms. Molina on July 15, 2022. Ms. Judith Pahlck, Dean of Nursing of Jersey College was also present with Ms. Molina during this telephone conversation. Ms. Molina informed Plaintiff that she would not be readmitted for the Fall 2022 semester as there was no space for her. She continued by stating that Plaintiff should not be waiting to return to the Program because there are many students in her position that will never allow to return. She further stated that the Program had other admissions priorities instead of Plaintiff.

19. Ms. Molina indicated to Plaintiff that she would receive a written response from Defendant denying her re-admission request.

20. To date Plaintiff has not received any written response to her readmission request initially made in May 2022.

21. Defendant's denial of Plaintiff's request to return from her approved medical and familial is discriminatory based on her disability and her marital/familial status.

22. Plaintiff has exhausted all internal remedies available prior to the commencement of this action.

### As and For a First Claim For Relief-
### Americans with Disabilities Act

23. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Plaintiff is a protected individual within the meaning of the Americans with Disabilities Act 42 USC 12182.

25. Plaintiff has a disability within the meaning of the ADA.

26. Defendant is a statutory party within the meaning of the ADA.

27. The Defendant is a private entity as defined by the ADA, 42 U.S.C. 12181 and is a recipient that receives federal financial assistance as defined by the ADA.

28. Defendant violated the ADA by subjecting Plaintiff to disparate treatment and discriminatory treatment due to her disability and perceived disability.

29. Defendant retaliated against Plaintiff, in violation of the ADA, due to her request for a leave of absence.

30. The ADA, 42 U.S.C. §12132 was violated because Defendant intentionally discriminated and showed gross misjudgment against Plaintiff because she was excluded from participation in and denied the benefit of services and programs and activities and was otherwise discriminated and retaliated against by due to her disability.

31. As a result of the willful activities of Defendant, Plaintiff has been deprived of equal educational opportunities based upon her disability, and perceived disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. 12182.

32. As a result of the foregoing conduct, Defendant has violated the ADA, 42 U.S.C. §12132

and the regulations promulgated thereunder resulting in Plaintiff being damaged.

**As and For a Second Claim For Relief-
<u>Section 504 of the Rehabilitation Act of 1973</u>**

33. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. Defendant is a recipient of federal financial assistance as defined by Section 504 of the Rehabilitation Act of 1973 (29 USC § 794(a) and 29 CFR § 33.1.) and the regulations promulgated thereunder.

35. Defendant offers a variety of programs and services for students that have disabilities in order for the student to gain access to their education.

36. Plaintiff is a qualified individual with a disability in that she met the essential requirements for the receipt of services and reasonable accommodations.

37. Defendant failed to provide the necessary services and reasonable accommodations to Plaintiff.

38. As a result of the foregoing conduct, Defendant has violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794, 29 CFR § 33.1, and the regulations promulgated thereunder, resulting in Plaintiff being damaged.

**As and For a Third Claim For Relief-
<u>New Jersey Law Against Discrimination- Disability</u>**

39. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. Defendant has discriminated against Plaintiff in violation of the New Jersey Law Against discrimination by subjecting her to disparate treatment due to her disability, *inter alia*, failing to permit her to return from her approved leave of absence.

41. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, pain, suffering.

42. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaitniff's civil rights, entitling Plaintiff to an award of punitive damages.

### As and For a Fourth Claim For Relief-
### New Jersey Law Against Discrimination- Marital Status

43. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Defendant has discriminated against Plaintiff in violation of the New Jersey Law Against discrimination by subjecting her to disparate treatment due to her marital status, inter alia, failing to permit her to return from her approved leave of absence.

45. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, pain, suffering.

46. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**Demand for a Jury Trial**

47. Plaintiff herein demands a trial by jury of all issues and claims in this action.

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Equitable Relief, including but not limited to

    A. Reinstatement to the LPN Program at Jersey College, with all earned credits;

    B. Declaration that the actions taken against the Plaintiff were discriminatory;

2. Compensatory damages including but not limited to reimbursement for the tuition and related expenses paid to Defendant;

3. Special damages for a lost career as a result of not obtaining a LPN degree, including the salary Plaintiff would have earned if the degree was conferred;

4. Pain and suffering;

5. Punitive Damages;

6. Attorney fees and costs;

7. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 15, 2022

STEWART LEE KARLIN LAW GROUP, P.C.

_/s/ Daniel Edward Dugan_

Daniel Edward Dugan, Esq.
*Attorneys for Plaintiff*
111 John Street, 22 Fl
New York, NY 10038
(212) 792-9670
Dan@stewartkarlin.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                    **STEWART LEE KARLIN LAW GROUP, P.C.**

By: _____
Daniel Edward Dugan, Esq.

Dated: November 15, 2022